**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4418**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LADARRELL JAVON CROCKETT,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:15-cr-00101-TDS-1)

Submitted:  March 25, 2021                                                       Decided:  April 20, 2021

Before KEENAN and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael E. Archenbronn, LAW OFFICE OF MICHAEL E. ARCHENBRONN, Winston-Salem, North Carolina, for Appellant.  Michael A. DeFranco, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ladarrell Javon Crockett appeals from the district court's judgment revoking his supervised release and imposing a 14-month prison term, to be served consecutively to the 144-month federal prison term he was already serving. On appeal, Crockett's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but raising as issues for review whether the district court failed to adequately consider Crockett's non-frivolous arguments for a concurrent sentence and whether his revocation sentence is otherwise plainly unreasonable. The Government did not file a response brief, and Crockett—although notified of his right to do so—did not file a pro se supplemental brief. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* (internal quotation marks omitted). In determining whether a revocation sentence is plainly unreasonable, we must first determine whether the sentence is procedurally or substantively unreasonable, *see United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015), evaluating the same general considerations "employ[ed] in our review of original sentences," *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). "A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *Id.* (internal footnote omitted); *see* 18 U.S.C. § 3583(e). "Where the

2

defendant . . . presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district judge should address the party's arguments and explain why he has rejected those arguments." *Slappy*, 872 F.3d at 207 (internal brackets and quotation marks omitted). "[A] revocation sentence is substantively reasonable if the court sufficiently states a proper basis for its conclusion that the defendant should receive the sentence imposed." *Id.* (internal quotation marks and brackets omitted). Only if we determine that a revocation sentence is unreasonable do we consider whether the sentence "is plainly so, relying on the definition of plain used in our plain error analysis—that is, clear or obvious." *Id.* at 208 (internal quotation marks and brackets omitted). "If a revocation sentence—even an unreasonable one—is not plainly unreasonable, we will affirm it." *Id.* (internal quotation marks omitted).

We find no unreasonableness, plain or otherwise, in Crockett's revocation sentence. The district court properly calculated Crockett's advisory policy statement sentence at 24 months' imprisonment based on his Grade A violation, Category IV criminal history, and the relevant statutory maximum, U.S. Sentencing Guidelines Manual § 7B1.4(a), (b)(3)(A), p.s. The court heard argument from counsel and Crockett's allocution. After considering these matters, the advisory policy statement sentence, and applicable § 3553(a) factors, the district court explained its reasons for imposing the 14-month consecutive term. The district court's reasons—which addressed counsel's arguments for a concurrent term—are grounded in factors appropriate for consideration in the revocation sentencing context, namely, the nature and circumstances of Crockett's violative conduct, his history and personal characteristics, the needs for the sentence to afford adequate deterrence and

3

to protect the public, and the sanctioning of Crockett's breach of trust while on release, *see* 18 U.S.C. §§ 3553(a)(1), (2)(B)-(C), 3583(e); USSG Ch. 7, Pt. A, introductory cmt. 3(b) ("[A]t revocation the [district] court should sanction primarily the defendant's breach of trust. . . . [T]he sanction for the violation of trust should be in addition, or consecutive, to any sentence imposed for the new [violative] conduct."). The court adequately explained its rationale for imposing the consecutive 14-month sentence, and the court's sentencing decision properly comports with USSG § 7B1.3(f), p.s. (directing that "[a]ny term of imprisonment imposed upon the revocation of . . . supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving"). There further is no evidence in the record rebutting the presumption of reasonableness afforded to the 14-month sentence, *see United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014), or indicating that the sentence is unreasonable, much less plainly so, *see Padgett*, 788 F.3d at 373.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's revocation judgment. This court requires that counsel inform Crockett, in writing, of his right to petition the Supreme Court of the United States for further review. If Crockett requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Crockett.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*